MERINO RODRÍGUEZ HNOS., S. EN C., demandante y apelada, *v.* JUAN FONT SUÁREZ, demandado y apelante.

Núm. 8215.—*Sometido:* Abril 24, 1941.  *Resuelto:* Junio 11, 1941.

*E. Font Suárez y Diego O. Marrero,* abogados del apelante; *Orlando J. Antonsanti,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

La sociedad mercantil en comandita Merino Rodríguez Hermanos demandó al Doctor Juan Font Suárez, dentista, en cobro de $389.49, intereses y costas, ante la Corte Municipal de San Juan, sección tercera, y obtuvo una sentencia favorable.

Apeló el demandado para ante la corte de distrito y también en ella se resolvió el pleito en su contra. Recurrió para ante este tribunal, señalando como errores dos, el haber actuado la corte sentenciadora con pasión, prejuicio y parcialidad al apreciar la prueba y el haber admitido ilegalmente en evidencia las facturas enviadas por la demandante al demandado.

Las alegaciones dos y tres de la demanda dicen, copiadas a la letra:

"2.—Que en sus negociaciones con la demandante, el demandado inició una cuenta corriente con la demandante por concepto de ciertos materiales y artículos de ferretería que fueron ordenados y recibidos por el demandado, y suministrados por la demandante, cuya cuenta arroja un saldo total a favor de la demandante por la suma de $389.49, cantidad que está vencida y es líquida y exigible.

"3.—Que para el cobro de la referida cantidad de $389.49 la demandante ha hecho múltiples gestiones y requerimientos al demandado, no habiendo sido pagada dicha suma ni en todo ni en parte, ni por el demandado ni por ninguna otra persona a su nombre."

El demandado contestó esas alegaciones como sigue:

"2.—En cuanto al hecho segundo niega que su cuenta corriente con la demandante arroje un saldo a favor de ésta de $389.49. Y, en contrario, alega, según su mejor información y creencia, que la suma adeudada monta solamente a $50.

"3.—Que para garantizar la deuda contraída por el demandado a favor de la demandante, el demandado suscribió unos pagarés, algunos de los cuales fué recogiendo a su vencimiento, y si se negó a seguir pagando el resto de la deuda contraída fué debido a que la demandante se negó a presentar al demandado el resto de los pagarés otorgados por el demandado a favor de la demandante, según se ha dicho anteriormente."

.Y como materia nueva alegó:

, "'Que la demandante trata de cobrarle al demandado cierta deuda contraída por la señora Berta Vilá de Font, ascendente a la suma de $304.43, de la cual ésta ha hecho ciertos abonos, englobándola en la deuda del demandado, por materiales de construcción servidos por la demandante para un edificio que, en la época en que se contrajo la deuda, estaba el demandado construyendo en la prolongación de la calle Simón Bolívar, de Santurce, cuya deuda garantizó la señora Vilá de Font mediante unos pagarés suscritos a favor de la demandante y el otorgamiento, en unión de la demandante, de un contrato de venta condicional. Que la señora Vilá de Font debía al· demandado cierta suma de dinero y, según convenio entre ella y el demandado, tomó a crédito a la demandante la expresada suma de $304.43 en la forma expresada, para pagar al demandado, en esa forma, la deuda que con éste tenía contraída. Que los materiales de construcción comprados a crédito por la señora Vilá de Font a la demandante fueron servidos al demandado para el edificio que éste estaba construyendo en la prolongación de la calle Simón Bolívar, de Santurce.''

Estudiados los autos y los alegatos creemos que asiste la razón al apelante. La prueba demuestra a nuestro juicio que es cierta la materia nueva que alegara en su contestación el demandado y esa materia constituye una perfecta defensa.

■ Llamada a declarar en el· acto del juicio Berta Vilá de Font, se expresó así:

"R.—Resulta que yo tenía un negocio mío de un taller y necesitaba comprar unas máquinas y no tenía el dinero suficiente y le hice un préstamo a mi cuñado por $300 y pasó un tiempo y yo no pude pagarlo porque el negocio iba malo y entonces empezó a fabricar y ·era muy natural que él me pidiera su dinero para fabricar y yo no ·lo tenía para devolvérselo y entonces le dije, 'Bueno, yo voy a abrir ·una cuenta en una casa que vendan materiales y usted los utiliza y :así me da una oportunidad para pagar la cuenta mensualmente ya ·que no puedo pagársela de golpe.' Él estuvo conforme; al aceptar ·yo me fuí a la casa de Merino, hablé con el Sr. Herrero y él me presentó al Sr. Vélez y yo hice una solicitud de crédito y me dijo que me contestaba por teléfono. Al otro día me llamó y fuí allá entonces me dijo que aceptaron el crédito y yo firmé un contrato de venta condicional y unos pagarés y me fuí para casa y yo di la direc-

ción mía para que me cobraran los pagarés y les dije: 'Los materiales me los envían a la calle Condado.'

"P.—¿A casa de quién?

"R.—Del Dr. Font Suárez.

"P.—Mire a ver si ése es el documento que le presentaron para usted firmar.

"R.—Sí, señor.

"P.—¿Y en relación con ese documento fué que usted firmó unos pagarés?

"R.—Sí, señor, mensualmente en distintas cantidades."

El documento se presentó y se admitió en evidencia, y lo dicho por la señora Vilá fué reafirmado por el demandado, como sigue:

"En relación con la situación que se involucra a la cuenta de la señora Berta Vilá a un servidor debo decir que yo le había facilitado un dinero a la señora Berta Vilá que es cuñada mía para cierto negocio que ella tenía de aguja. Entonces más tarde yo tuve que fabricar una casa y desde luego necesitaba todo el dinero que pudiera recoger y le solicité a mi cuñada a ver si podía pagarme el dinero *cash* y yo le dije: 'Bueno, usted podría conseguir en alguna ferretería efectos de plomería, electricidad, luces, materiales de construcción y usted los compra y me los facilita y así me salda la cuenta' y en esa forma quedó la deuda de ella conmigo zanjada."

Siendo ésos los hechos, no comprendemos cómo pudo la corte sentenciadora concluir que el celebrado por la demandante y la Sra. Vilá de Font fuera un contrato de garantía de la cuenta del demandado. La señora Vilá y la demandante contrataron directamente, independientemente, y que ésa fué la interpretación que la propia demandante dió a lo pactado, lo demuestra la carta que la segunda dirigiera a la primera presentada en evidencia por el demandado en el acto del juicio. Dice:

"Sra. Berta Vilá de Font, Santurce, P. R.—Distinguida señora: Deseamos llamarle la atención nuevamente al asunto de sus obligaciones vencidas y al efecto le sugerimos nos visite para arreglar este asunto pues tiene usted cinco obligaciones sin pagar por un total de $136. Como recordará usted existe un contrato de venta condi-

cional en esta operación y queremos evitar el tener que pasar el asunto a nuestro departamento legal para atención. No dudamos que usted se habrá dado cuenta al hecho de que hemos sido completamente pacientes en nuestras gestiones de cobro y a cambio suplicamos su buena atención hacia la liquidación amigable de esta deuda. Aguardamos sus noticias y quedamos de usted, Atentamente, R. V. Dpto. de Crédito. RV/hma.''

Fué cuando la demandante no logró cobrar su cuenta a su deudora que intentó hacerlo del demandado que recibió los materiales. Pero si el demandado recibió los materiales y lo hizo en efecto a las claras firmando los conduces, ello no quiere decir que asumiera la obligación de pagarlos a la demandante. Ésta, en sus peculiares términos, no es una transacción común, pero corriente es el tomar a préstamo cantidades para enjugar deudas, realizándose con ello contratos independientes, y, en el fondo, eso fué lo que se hizo en este caso.

*Debe revocarse la sentencia apelada y dictarse otra declarando la demanda sin lugar con costas incluyendo cien dólares para honorarios de abogado.*

### EN MOCION DE RECONSIDERACION

Sometido: Julio 22, 1941.  Resuelto: Julio 23 1941.

Este recurso fué declarado con lugar, revocándose en su consecuencia la sentencia apelada y dictándose otra en contra de la demandante apelada el once de junio último. El veinte del propio mes la demandante apelada presentó una moción de reconsideración, señalándose el veinte y dos de julio en curso para oír a las partes sobre la misma, entendiéndose que si la corte resolviera que procedía la reconsideración en todo o en parte, no sólo la decretaría si que dictaría la sentencia que los hechos y la ley demandaren.

La audiencia fué celebrada en efecto. En cuanto a la cuestión de que el contrato celebrado entre la demandante y la señora Vilá de Font no fué uno de garantía de la cuenta del demandado con la demandante y por tanto que ésta no

tuvo derecho a involucrar en dicha cuenta el saldo deudor de dicho contrato, nuestro criterio es el mismo. Queda por tanto en pie todo cuanto dijimos en nuestra opinión de junio once mil novecientos cuarenta y uno.

Pero en dicha opinión se omitió considerar y consiguientemente se omitió resolver en la sentencia el efecto que en la decisión final del litigio pudieran tener las alegaciones dos y tres de la contestación del demandado que se transcriben en la opinión y por virtud de las cuales el demandado admitió que según su mejor información y creencia la suma que adeudaba montaba a cincuenta dólares y que si no la pagó fué porque para garantizar su deuda con la demandante firmó unos pagarés algunos de los cuales fué recogiendo a su vencimiento, negándose a seguir pagando porque la demandante se negó a presentarle el resto de los mismos, y ello requería y requiere consideración y resolución.

Declarando en el juicio el propio demandado dijo:

"R.—Antes de entablarse la demanda estuvo en casa el Sr. Frontera y me llevó un estado de cuenta creo que eran $107 poco más o menos.

"P.—¿Recuerda en qué fecha fué que le llevó ese estado de cuenta?

"R.—No, la fecha exacta no, pero me llevó ese estado de cuenta el Sr. Frontera y yo tenía la convicción de que yo no le adeudaba esa cantidad a la firma de Merino Rodríguez y Hnos. y yo tenía constancia, tenía una carta del Sr. Vélez escrita a mí con anterioridad a ese estado de cuenta en la que se me cobraba la cantidad de $50. Le dije que yo había suscrito unos pagarés a la firma de Merino aproximadamente por la cantidad de $125 y mi creencia era que de acuerdo con la correspondencia cruzada con el Sr. Vélez que era el jefe de crédito, mi creencia era que yo adeudaba $50 pero que si se me presentaban nuevos pagarés suscritos por mí yo estaría dispuesto a responder a cuantos pagarés estuvieran suscritos por mí . . . .

. . . . . . . . . . .

"P.—¿Usted niega haber recibido esa mercancía?

"R.—No, yo no niego recibir la mercancía porque ya le dije que la mercancía fué servida a través de una cuenta que abrió la señora Berta Vilá para pagarme un dinero a mí.

"P.—Entonces cuando se le agotó el crédito que abrió la señora de Font en la casa Merino Rodríguez y Hnos. . . . .

"R.—Entonces yo necesitaba otros materiales y entablé un crédito por la amistad que ya había y se me concedió, se me abrió un crédito de $125 a lo sumo."

Lo admitido en la contestación se sostuvo y se explicó, pues, en el juicio.

En relación con los pagarés que se dice que se firmaron y cuya no entrega fué la causa de la negativa del demandado a seguir pagando su deuda, no hay prueba plena en los autos. En la evidencia aportada por la demandante hay datos sobre ciertos pagarés firmados por la señora Vilá que un empleado de la demandante dijo que cobró al demandado y que se le extraviaron luego, motivo por el cual se publicó un anuncio en "El Mundo", pero no hay dato alguno sobre pagarés firmados por el demandado.

De todos modos, aunque se hubieran firmado en verdad los pagarés, ellos serían sólo la evidencia de la deuda que el demandado tenía la obligación de satisfacer, aclarando desde luego que los pagarés quedaban sin valor ni efecto.

Habiendo llegado a esas conclusiones ¿cuál debe ser la resolución del tribunal?

No hay duda alguna que la reconsideración procede en cuanto al extremo indicado ya que si bien el demandado no viene obligado a pagar la deuda que pudiera haber contraído la señora Vilá para con la demandante, sí lo viene a satisfacer la suya propia, cuyo saldo deudor admitió que era el de cincuenta dólares.

Siendo ello así, se impone el pronunciamiento de una nueva sentencia exonerando por supuesto al demandado del pago del saldo deudor de la cuenta de la señora Vilá involucrado en la suya, pero condenándolo a satisfacer cincuenta dólares.

Claro es que la condena lo será sin honorarios de abogado porque el demandado no fué temerario en defenderse, pero tendrá que serlo con costas atendidos los térmi-

nos mandatorios de la ley sobre la materia. Artículo 327 del Código de Enjuiciamiento Civil tal como fué enmendado por la Ley núm. 69 de 1936, pág. 353; *Hance* v. *R. Méndez & Hno.*, 54 D. P. R. 706, 708.

Si el demandado no se hubiera limitado a hacer lo que hizo si que hubiera ajustado sus actos al procedimiento marcado en el artículo 336 del Código de Enjuiciamiento Civil, entonces no sólo estaría hoy libre del pago de las costas si que sería la demandante la que vendría obligada a satisfacerlas.

*Por virtud de todo lo expuesto debe reconsiderarse la sentencia de junio once último y dictarse otra condenando al demandado a pagar a la demandante por saldo de la deuda reclamada en la demanda la suma de cincuenta dólares, quedando sin valor ni efecto cualquier pagaré o pagarés que hubiere firmado el demandado en reconocimiento de la misma, con las costas que procedan, sin honorarios de abogado.*