MERINO RODRÍGUEZ HNOS., S. EN C., demandante y apelada, *v.* JUAN FONT SUÁREZ, demandado y apelante.

Núm. 8460.—*Sometido:* Abril 23, 1942. *Resuelto:* Abril 24, 1942.

*Diego O. Marrero,* abogado del apelante; *Orlando J. Antonsanti y Fernando Ruiz Suria,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Por sentencia de 15 de junio de 1939 dictada en el caso arriba expresado, fué condenado el demandado a pagar a la demandante la cantidad de $382.15, intereses legales desde la interposición de la demanda y las costas, sin incluir honorarios de abogado. Dicha sentencia fué notificada al demandado el 30 del citado mes y a la demandante el 14 de julio siguiente. En esta última fecha la demandante radicó su memorándum de costas, ascendentes a $21.75, contra el cual no presentó el demandado impugnación alguna.

El demandado estableció recurso de apelación contra la sentencia principal el 12 de julio de 1939 y el 11 de junio de 1941 este Tribunal Supremo revocó la sentencia apelada, pero el 23 del mismo mes la reconsideró y en su lugar dictó otra ''condenando al demandado a pagar a la demandante, por saldo de la deuda reclamada en la demanda, la suma de $50, quedando sin valor ni efecto cualquier pagaré o pagarés que hubiere firmado el demandado en reconocimiento de la misma, con las costas que procedan, sin incluir honorarios de abogado.'' *Merino Rodríguez Hnos.* v. *Font,* 58 D.P.R 848.

Después de devuelto el mandato a la corte inferior, la demandante solicitó señalamiento de la vista del memorándum de costas, la cual se celebró el 8 de septiembre de 1941, compareciendo el abogado del demandado a oponerse a su aprobación, impugnando oralmente la jurisdicción de la corte, por haberse ya resuelto la apelación interpuesta contra la sentencia propiamente dicha.

Desestimada la contención del demandado y aprobado el memorándum de costas por la suma reclamada, se instruyó por el demandado el presente recurso, que basa en el artículo 339 del Código de Enjuiciamiento Civil, según fué enmendado por la ley de 11 de mayo de 1936 (Leyes de 1936, pág. 353) que literalmente dice así:

''Art. 339. El memorándum de costas debe ser presentado dentro de los diez (10) días después de notificada la sentencia, y cual-

quier oposición del mismo dentro de los cinco (5) días subsiguientes. Dentro de los diez (10) días después de la resolución de la corte sobre el memorándum de costas cualquiera de las partes puede apelar para ante el Tribunal Supremo y la apelación será tramitada conjuntamente con cualquier apelación que haya sido establecida contra la sentencia principal; *Disponiéndose,* que en caso en que no se haya establecido apelación de ´la sentencia principal, podrá siempre apelarse del memorándum de costas.''

Sostiene el apelante que era obligación de la apelada no sólo presentar en tiempo el memorándum de costas, si que también señalarlo dentro de un tiempo razonable, de suerte que de establecerse apelación contra la resolución que recayere, pudiera ésta tramitarse conjuntamente con la apelación interpuesta contra la sentencia principal, y que no habiéndose hecho así, el derecho a reclamar las costas se entendía renunciado (*waived*) y la corte carecía de jurisdicción para aprobar el memorándum.

Es evidente, de acuerdo con el artículo 339 transcrito, la obligación de la demandante apelada de radicar su memorándum de costas dentro del término de diez días después de serle notificada la sentencia, y de los autos resulta que ella cumplió oportunamente ese deber. También es claro, a nuestro juicio, que el deber de tramitar la apelación contra la resolución recaída en el memorándum de costas juntamente con la apelación establecida contra la sentencia principal, es mandatorio y sólo puede establecerse recurso separadamente. cuando no se haya apelado de la sentencia principal. Que ello es así lo demuestran el lenguaje y el contexto del citado precepto legal. Prescribe, en primer término, que la apelación contra la resolución recaída en el memorándum de costas *''será tramitada conjuntamente con cualquier apelación que haya.sido establecida contra la sentencia principal,''* e inmediatamente después establece la siguiente única excepción: *''Disponiéndose, que en caso en que no se haya establecido apelación de la sentencia principal, podrá siempre apelarse del memorándum de costas.''* Habiéndose establecido apela-

ción contra la sentencia principal, es evidente que no puede tramitarse independientemente de dicho recurso el interpuesto contra la decisión recaída en el memorándum de costas sin infringir las disposiciones del artículo 339 que nos ocupa.

Ahora bien, dentro de las circunstancias de este caso, ¿actuó la corte inferior con jurisdicción al aprobar el memorándum de costas? [2] Si bien el citado artículo 339 señala términos dentro de los cuales deberán presentarse el memorándum de costas, la impugnación al mismo, así como el escrito de apelación contra la resolución recaída, nada dice con respecto a la fecha o al término dentro del cual deberá celebrarse la vista y dictarse resolución. Siendo ello así, no puede sostenerse con razón que la corte actuó sin jurisdicción al aprobarlo después de tramitado en este Tribunal el recurso que se estableció contra la sentencia principal. El citado artículo expresamente concede el remedio de apelación a "cualquiera de las partes", y tanto incumbía a la demandante como al demandado, si es que quería preservar su derecho de apelación para en caso de que tuviese necesidad de establecer ese recurso, pedir el señalamiento de la vista del memorándum y gestionar su resolución en tiempo, de modo que el recurso que estableciera pudiera tramitarse conjuntamente con el interpuesto contra la sentencia principal. Ninguna de las partes practicó esas gestiones en este caso y por consiguiente una y otra quedaron privadas del derecho de apelación al dar lugar a la celebración de la vista del memorándum de costas después de dictada sentencia en apelación por este tribunal. Pero esta circunstancia no privó de jurisdicción a la corte sentenciadora para dictar la resolución apelada.

El demandado apelante alega insistentemente que el memorándum de costas radicado en este caso era *functus officio* y que por consiguiente dicho memorándum no tenía vida legal y no podía dictarse resolución alguna con respecto al mismo. La frase *"functus officio"* se usa para indicar algo que una vez tuvo vida, pero que luego perdió su eficacia, bien por haber expirado el tiempo dentro del cual debió surtir efecto y no

lo surtió, ya por haber cumplido su propósito. Por ejemplo, se otorga un poder especial a favor de determinada persona para enajenar una finca de su mandante. Verificada la venta y terminada así la transacción para la cual se otorgó el poder, el mismo se convierte en *functus officio* puesto que no tiene eficacia para ejercitar ninguna otra transacción y el fin para el cual fué otorgado quedó cumplido. El memorándum de costas no era *functus officio* al ser sometido al juez inferior para su aprobación, pues no había perdido su eficacia legal ya que, como hemos indicado antes, la ley no requiere que el memorándum sea aprobado en determinado tiempo.

Tampoco tiene razón el apelante cuando arguye que la apelada debió presentar un nuevo memorándum de costas en armonía con la nueva sentencia que en 1941 dictó este tribunal. Nuestra sentencia no hizo otra cosa que modificar la apelada. En otras palabras, fué la que originalmente debió haber dictado la corte *a quo,* y sus efectos legales en cuanto a la radicación del memorándum de costas respecta, se retrotraen a la fecha de la sentencia apelada. Así pues, no podía presentarse otro memorándum, ya que el radicado era válido.

Llegando como llegamos a la conclusión de que la resolución que en este caso dictó la corte inferior aprobando el memorándum de costas no es apelable conforme sostiene el propio apelante, *procede la desestimación del recurso.*