José Enrique González, demandante y apelado, *v.* Julián Jiménez, demandado y apelante.

Núm. 10035.—*Sometido:* Junio 22, 1949. *Resuelto:* Junio 24, 1949.

*R. Muñoz Ramos* e *Inés Acevedo de Campos*, abogados del apelante; *Rafael Hernández Matos*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

La Corte de Distrito de Ponce dictó en 9 de septiembre de 1948 sentencia en el caso del epígrafe, declarando con lugar la demanda de *injunction* posesorio instada por José Enrique González contra Julián Jiménez, con costas y $300 para honorarios de abogado. De esa sentencia apeló el demandado el 6 de octubre siguiente. Con fecha 15 de septiembre el demandante victorioso radicó su memorándum de costas y luego de presentar el demandado un escrito impugnando el mismo, en octubre 11 la corte dictó resolución aprobando el memorándum, aunque por una suma inferior a la reclamada por el demandante. De la resolución así dictada, apeló cinco días más tarde el demandado.

Solicita ahora el demandante que desestimemos ambas apelaciones, la interpuesta contra la sentencia en sus méritos por ser frívola y la radicada contra la resolución aprobando el memorándum de costas por no haberse adherido al escrito en que se apelaba de la misma el sello de rentas internas correspondiente.

██ Un examen de los autos no nos convence de que la apelación interpuesta contra la sentencia sea frívola, por lo que será declarada sin lugar la moción para desestimar el recurso en sus méritos.

██ Ahora bien, en lo que concierne a la apelación entablada contra la resolución aprobatoria del memorándum de costas, la moción debe ser declarada con lugar por los motivos que pasamos a exponer en seguida: por disposición expresa del artículo 339 del Código de Enjuiciamiento Civil, según fué enmendado por la ley 69 de 11 de mayo de 1936 (pág. 353), tal resolución es apelable para ante este Tribunal

y la apelación así interpuesta "será tramitada conjuntamente con cualquiera apelación que haya sido establecida contra la sentencia principal." Sin embargo, el hecho de que por disposición expresa de ese artículo ambas apelaciones deban tramitarse conjuntamente[1] no significa que cuando como ocurre en este caso una parte apela de la sentencia dictada y adhiere a ese escrito de apelación el correspondiente sello de rentas internas, ella puede radicar posteriormente un nuevo escrito de apelación contra la resolución dictada por la corte aprobando el memorándum de costas, sin adherir a su segundo escrito el sello de rentas internas de $5 exigido en "cada escrito de apelación de las cortes de distrito al Tribunal Supremo" por la sección 2(D) de la ley 17 de 11 de marzo de 1915 (pág. 45). No habiéndose dado cumplimiento a tal requisito imperativo de ley, este Tribunal carece de jurisdicción para conocer de la segunda apelación interpuesta. *Vázquez* v. *Rivera*, 69 D.P.R. 947.

*Se dictará resolución declarando sin lugar la moción para desestimar en lo que respecta a la apelación interpuesta contra la sentencia en sus méritos y con lugar en lo que concierne a la apelación radicada contra la resolución aprobatoria del memorándum de costas, desestimándose, en su consecuencia, esta última por falta de jurisdicción.*

---

[1] Véase *Merino Rodríguez Hnos.* v. *Font*, 60 D.P.R. 325.