Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| *JOSÉ A. DE JESÚS Y LOS IDENTIFICADOS EN EL ANEJO A*<br><br>*Apelantes - Recurrentes*<br><br>v.<br><br>*AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS*<br><br>*Apelado-Recurrido* | KLRA202300636 | Revisión Administrativa procedente de la Oficina de Apelaciones de la Autoridad de Acueductos y Alcantarillados<br><br>Caso Núm.:<br>OA-22-010<br>(Véase Anejo A)<br><br>Sobre:<br>Impugnación Escala Salarial |
| *JOSÉ A. DE JESÚS Y LOS IDENTIFICADOS EN EL ANEJO A*<br><br>*Apelantes*<br><br>**Carmen Álvarez Avilés, Lumari Ortiz De Jesús, Obed Morales Colón y Rosana Rodríguez Pérez**<br><br>*Recurrentes*<br><br>v.<br><br>*AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS*<br><br>*Apelado-Recurrido* | KLRA202300638 | |
| *JOSÉ A. DE JESÚS Y LOS IDENTIFICADOS EN EL ANEJO A*<br><br>*Apelantes*<br><br>**Nilda L. Rodríguez Méndez**<br><br>*Recurrente*<br><br>v.<br><br>*AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS*<br><br>*Apelado-Recurrido* | KLRA202300647 | |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 7 de mayo de 2024.

Número Identificador
SEN2024 _____

A tenor con las disposiciones de la Regla 80.1 del Reglamento de este Tribunal de Apelaciones[1], el 18 de diciembre de 2023, se ordenó la consolidación de los recursos **KLRA202300638** y **KLRA202300636**. Posteriormente, el 12 de enero de 2024, se ordenó también la consolidación del recurso **KLRA202300647**.

Mediante el recurso **KLRA202300636**, presentado el 11 de diciembre de 2023, comparecen José A. De Jesús Vera y otros[2] (recurrentes del recurso **KLRA202300636**). A través del recurso **KLRA202300638**, incoado en la misma fecha, comparecen por derecho propio Carmen E. Álvarez Avilés, Obed Morales Colón, Rosana Rodríguez Pérez y Lumari Ortiz De Jesús (recurrentes del recurso **KLRA202300638**). Mientras, por medio del recurso **KLRA202300647**, presentado el 15 de diciembre de 2023, comparece Nilda L. Rodríguez Méndez (señora Rodríguez Méndez).

Los recurrentes del recurso **KLRA202300636** solicitan la revisión de una *Resolución Respecto a Solicitud de Reconsideración*, emitida el 8 de noviembre de 2023 y notificada el 10 de noviembre de 2023, por la Oficina de Apelaciones de la Autoridad de Acueductos y Alcantarillados (AAA)[3]. Por su parte, los recurrentes

---

[1] 4 LPRA Ap. XXII-B, R. 80.1.

[2] Osvaldo Costas Pérez, María L. Goitía Acevedo, Santiago Irizarry Vélez, Moisés Sebastián López, Norberto Collazo González, Pedro Ortiz Maldonado, Eduardo Monagas Luciano, Rosita Vega Irizarry, Sahid Echegaray Arbona, Luis R. Colón Pagán, Luis M. Maldonado Otero, Radamés Trujillo Rodríguez, Luis R. Castillo Guzmán, Manuel O. Marín Alicea, Luisa E. Reillo Hernández, Ángel M. Alemán Díaz, José A. Chaparro Santiago, José L. Rivera Ferrer, Edwin N. Portalatín Miranda, Nery E. Nieves Muñoz, Zulema L. Cardona Viera, Ivette D. Ortiz Fuentes, Anabell Santos Ramos, Mariela Reyes Covas, Francisco Sosa II Santiago, José R. Otero Maldonado, Carlos Cordero Rosa, José R. Rosario Ramírez, Luis O. Samot Morales, David Rodríguez Cortes, Santos J. Rodríguez Olmeda, Melba B. Rodríguez Díaz, Dagoberto Arias Espinosa, Maritza Merced Torres, Marisol Rivera Rodríguez, César L. Vélez Rodríguez, Hilda L. Ramírez Ortiz, Natalia Delgado Valle, Mayra Pacheco Ramos, Ana I. Aponte Barreto, Orlando Rivera Bonilla, Isidro Jiménez López, Madeline Rodríguez Rosado, Carmen T. Calderón Adorno, Julio C. Ocasio Figueroa, Ina del Coral Yglesias Díaz, Elizabeth Ramos Bracetty, Manuela Rosado, Néstor R. Rodríguez Santiago, Heriberto Vázquez García, Elba L. López Lugo, Ferdinand Pérez Feliciano, Carlos V. Medina Torres, María del Carmen Huertas Rivera, María E. Morales García, Manuel F. Mundo Rosario, Damarys Rivera Vega, Abelmain E. Torres Moore, Miguel A. Maldonado Pastoriza, José Aguayo Cedeño, Wanda Torres Vega, Josefine Molina Pinna, Denise Fermaint Cruz y Vanessa Dávila Salgado.

[3] Véase Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300636**, págs. 1615-1617.

del recurso **KLRA202300638** requieren la revisión de cuatro (4) resoluciones emitidas por el mismo foro, en la misma fecha, e intituladas de la misma manera[4]. Asimismo, la señora Rodríguez Méndez recurre de una determinación análoga a las referidas resoluciones, emitida el 16 de noviembre y notificada el 21 de noviembre de 2023[5].

Por medio de los seis (6) dictámenes, la Oficina de Apelaciones declaró No Ha Lugar las solicitudes de reconsideración de los recurrentes de epígrafe, y reafirmó su decisión de declararse sin jurisdicción para atender sus reclamos.

Por los fundamentos que exponemos a continuación, **desestimamos** el recurso de *Revisión* identificado con el alfanumérico **KLRA202300638**, y **revocamos** la *Resolución Final* recurrida en los recursos **KLRA202300636** y **KLRA202300647**.

## I.

Los hechos que precedieron la controversia ante nuestra consideración son los que se describen a continuación.

El 16 de junio de 2022, la Presidenta Ejecutiva de la AAA, señora Doriel I. Pagán Crespo (Presidenta Ejecutiva), presentó ante la Junta de Gobierno de la AAA (Junta de Gobierno) una *Petición de aprobación para implementar las estructuras salariales propuestas para los servicios de confianza administrativo, carrera gerencial, unidad apropiada de empleados profesionales, representada por la HIEPPA y la unidad apropiada de empleados diestros y semi diestros y no diestros, representada por la UIA*[6]. Por medio de esta, expuso que para la fecha del 15 de febrero de 2021, la AAA había contratado

---

[4] Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300638**, págs. 40-50.

[5] El referido dictamen fue notificado y archivado en autos el 21 de noviembre de 2023. Véase Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300647**, págs. 27-30.

[6] Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300636**, págs. 1527-1539.

los servicios profesionales de la firma Meléndez, Bravo y Asociados, Inc. (MBA), a los fines de diseñar nuevas estructuras salariales. Sostuvo que el objetivo de ello consistía en otorgarle a los empleados de la AAA una compensación competitiva con el mercado salarial, y así retener empleados con experiencia y evitar la fuga de personal en puestos cruciales y de difícil reclutamiento. Mediante la petición, la Presidenta Ejecutiva precisó la manera en la que MBA había llevado a cabo la revisión de las estructuras salariales vigentes, destacando el análisis de los salarios promedios de la AAA contra los salarios del mercado. Además, expuso mediante tablas una comparativa entre las estructuras salariales vigentes y las estructuras salariales propuestas.

Con arreglo a lo anterior, la Presidenta Ejecutiva solicitó a la Junta de Gobierno lo siguiente:

1. Apruebe las Escalas Retributivas Propuestas para el Servicio General de Carrera, Servicio Gerencial Administrativo, Servicio de Confianza Administrativo, UIA y HIEPPA.

2. Autorice que las Escalas Retributivas Propuestas entren en vigor el 1 de julio de 2022 para el Servicio Gerencial de Carrera, Servicio Gerencial Administrativo, Servicio de Confianza Administrativo y UIA.

3. Autorice que se enmiende el Plan de Retribución vigente con las Escalas Retributivas Propuestas.

4. Autorice la implementación de las Escalas Retributivas Propuestas con la garantía salarial escalonada para los empleados del Servicio Gerencial de Carrera, Servicio Gerencial Administrativo y UIA de la Autoridad…[7].

El 17 de junio de 2022, la Junta de Gobierno emitió la Resolución Núm. 3302 titulada *Enmienda a Resolución Núm. 2342 de 30 de octubre de 2007, para Revisar y Establecer Nuevos Tipos Mínimos a las Escalas Retributivas de los Empleados Gerenciales de Carrera y Administrativos de la Autoridad de Acueductos y Alcantarillados*[8]. En lo pertinente, la Junta de Gobierno decidió

---

[7] *Íd.*, pág. 1539.
[8] *Íd.*, págs. 1497-1503.

enmendar la Resolución Núm. 2342 de 30 de octubre de 2007, con respecto a la revisión de las estructuras retributivas de los servicios de carrera gerencial, carrera gerencial administrativo y confianza administrativo, dando paso a la escala salarial propuesta. Asimismo, aprobó una garantía a los empleados adscritos a los servicios de carrera gerencial y carrera gerencial administrativo, basada en rangos de antigüedad. Además, autorizó a la Presidenta Ejecutiva o su representante autorizado a suscribir los documentos relativos e incidentales a la aprobación de la nueva estructura salarial[9].

De conformidad a ello, el 22 de junio de 2022, la Presidenta Ejecutiva suscribió una comunicación dirigida a todo el personal de la AAA intitulada *Implementación de las Nuevas Estructuras Salariales y Garantías para los Empleados del Grupo Gerencial y de la Unidad Independiente Auténtica (UIA)*[10]. En virtud de esta, informó que las nuevas estructuras salariales entrarían en vigor el 1 de julio de 2022. De igual manera, el 14 de julio de 2022, la Directora de Recursos Humanos y Relaciones Laborales de la AAA, señora Waleska López Faría (Directora de Recursos Humanos), envió misivas individuales a todos los recurrentes de epígrafe, indicándoles con precisión los cambios que verían reflejados en sus salarios[11]. Las cartas advertían a los recurrentes de epígrafe en cuanto a su derecho a solicitar la revisión administrativa. En detalle, disponían como sigue:

> De usted no estar conforme con esta determinación, tiene derecho a solicitar una revisión administrativa dentro del

---

[9] *Íd.*, pág. 1503.

[10] *Íd.*, pág. 1540.

[11] Para propósitos de facilitar la lectura, y toda vez que existen documentos equivalentes por cada recurrente en los cuales solo varía el remitente, haremos alusión a los documentos que obran del apéndice, dirigidos al señor José A. De Jesús Vera en el caso OA-22-026. Véase Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300636**, págs. 52-53. Cabe señalar que conforme surge del expediente, las cartas fueron recibidas por los recurrentes de epígrafe entre el 14 de julio de 2022 y el 30 de agosto de 2022.

> término de veinte (20) días laborables a partir del recibo de esta comunicación.
>
> Su petición de revisión administrativa se notificará a la atención de Waleska López Faría, Directora de Recursos Humanos y Relaciones Laborales, a la dirección de correo electrónico revisionescalasalarial@acueductospr.com e incluirá los fundamentos y justificaciones aplicables y cualquier evidencia que usted entienda pertinente. Una vez recibida, su solicitud se referirá a un comité administrativo que llevará a cabo el análisis correspondiente y luego de ello, la Autoridad le notificará la determinación al respecto[12].

Ante ello, los recurrentes comenzaron a presentar sus respectivas solicitudes de revisión, objetando las modificaciones en sus salarios. Conforme surge del expediente, las solicitudes fueron instadas entre el 28 de julio de 2022 y el 15 de septiembre de 2022. Atendidas las mismas, la Directora de Recursos Humanos intimó nuevamente cartas individuales a los recurrentes de epígrafe[13]. En detalle, la comunicación disponía que, como parte de la implementación de la nueva estructura salarial, la AAA había creado un Comité de Revisión para atender las dudas, reclamaciones y revisiones de los recurrentes, y que luego de un análisis a la solicitud de revisión, el Comité determinó que la misma no procedía[14]. La decisión se fundamentó en que la Resolución Núm. 3302 únicamente autorizó la implementación de una revisión y ajuste a las escalas retributivas existentes, y no se trataba de un nuevo plan de clasificación y retribución.

Al igual que las primeras cartas enviadas, las denegatorias de revisión contenían una advertencia con relación al derecho de revisión, que leía de la siguiente manera:

> De usted no estar conforme con esta determinación, tiene **derecho a presentar su apelación ante la Oficina de Apelaciones dentro de los diez (10) días laborables**

---

[12] Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300636**, págs. 52-53.

[13] Surge del expediente ante nos que las determinaciones fueron realizadas entre el 29 de septiembre de 2022 y el 9 de junio de 2023, recibidas por los recurrentes entre el 29 de septiembre de 2022 de 2022 y el 30 de mayo de 2023, respectivamente. Véase Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300636**, págs. 63-64.

[14] Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300636**, pág. 64.

**siguientes a la fecha de recibo de esta carta, según lo dispone la Sección 19.2 del *Reglamento de la Recursos Humanos de la Autoridad de Acueductos y Alcantarillados para todos los empleados regulares no cubiertos por convenios colectivos*[15]. (Énfasis suplido)**

Insatisfechos, entre el 5 de diciembre de 2022 y el 23 de junio de 2023, los recurrentes de epígrafe presentaron sus respectivas apelaciones ante la Oficina de Apelaciones[16]. En apretada síntesis, los recurrentes de epígrafe alegaron que la metodología utilizada para implementar las nuevas estructuras salariales menoscababa el principio de mérito reconocido por la Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico (Ley Núm. 8-2017)[17].

Entre el 19 de diciembre de 2022 y el 10 de agosto de 2023, la AAA compareció en cada caso individualmente reaccionando a las apelaciones, ya fuese mediante contestaciones a estas, solicitudes de desestimación, y en algunos casos, a través de ambas[18].

Así las cosas, el 21 de agosto de 2023, por medio del Juez Administrativo Héctor Urgell Cuebas, la Oficina de Apelaciones emitió *Resolución Final*[19] consolidando todas las apelaciones presentadas y desestimando las mismas por falta de jurisdicción sobre la materia. Resolvió que el Reglamento de Recursos Humanos de la Autoridad de Acueductos y Alcantarillados para Todos los Empleados Regulares No Cubiertos por Convenios Colectivos (Reglamento de Recursos Humanos)[20], detallaba expresamente las cuestiones sobre las cuales tenía jurisdicción, entre las que se encontraban las determinaciones o acciones del Presidente

---

[15] *Íd.*

[16] *Íd.*, págs. 43-64.

[17] 3 LPRA sec. 1469 *et seq.*

[18] *Íd.*, págs. 1016-1027.

[19] *Íd.*, págs. 1465-1478.

[20] Reglamento de Recursos Humanos de la Autoridad de Acueductos y Alcantarillados para Todos los Empleados Regulares No Cubiertos por Convenios Colectivos, de 28 de febrero de 2008. Aprobado por la Junta de Gobierno de la Autoridad, mediante la Resolución Núm. 2350.

Ejecutivo o su Representante Autorizado. Contrario a ello, indicó que los recurrentes de epígrafe apelaban una decisión tomada por la Junta de Gobierno y sobre la cual la Presidenta Ejecutiva únicamente tenía facultad de implementar.

Aun en desacuerdo, los recurrentes de epígrafe presentaron solicitudes de reconsideración ante la Oficina de Apelaciones. El 18 de septiembre de 2023, los recurrentes del recurso **KLRA202300638** incoaron solicitudes de reconsideración por separado[21]. Por su parte, la señora Lumari Ortiz De Jesús expresó que la Resolución Núm. 3302 no limitaba la facultad de la Presidenta Ejecutiva a únicamente implementar lo aprobado por la Junta de Gobierno, y que su facultad para con la concesión de aumentos de sueldo no requería la aprobación de la Junta de Gobierno[22]. Indicó que la facultad de la Presidenta Ejecutiva de evaluar peticiones de revisión salarial no resultaba en contravención al mandato de la Junta de Gobierno[23].

Por otro lado, el señor Obed Morales Colón adujo que la Junta de Gobierno delegó en el Presidente Ejecutivo varias facultades, entre ellas, el establecimiento de un plan de valoración de puestos, el cual incluye estructuras salariales[24]. Esgrimió que la Resolución Núm. 3302: (i) no contemplaba ni establecía metodología alguna para ubicar los sueldos de los empleados conforme a las nuevas estructuras salariales; (ii) no establecía las instancias en que se ubicarían los salarios en las diferentes escalas, (iii) ni contenía las razones por las cuales un sin número de empleados no habían sido

---

[21] Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300638**, págs. 21-39. Hacemos constar que la solicitud de reconsideración de la señora Carmen E. Álvarez Avilés fue incluida en el apéndice del recurso **KLRA202300638**, pero la misma está incompleta.
[22] Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300638**, págs. 23-27.
[23] *Íd.*, pág. 25.
[24] *Íd.*, págs. 28-30.

considerados para el incremento salarial. A esos efectos, arguyó que resultaba forzoso concluir que la Presidenta Ejecutiva o la Directora de Recursos Humanos, en calidad de representante autorizada, eran quienes habían determinado la metodología a ser utilizada en la implantación de las escalas salariales, y no la Junta de Gobierno.

Finalmente, la señora Rosana Rodríguez Pérez también sostuvo mediante su solicitud de reconsideración que la metodología aplicada para la implementación de las nuevas escalas había sido determinada por la Presidenta Ejecutiva o su Representante Autorizado, a saber, la Directora de Recursos Humanos[25]. Añadió que, en vista de que la Oficina de Apelaciones determinó que carecía de jurisdicción, la AAA había inducido a error a los empleados al notificarle que debían acudir ante la Oficina de Apelaciones para presentar sus apelaciones.

El mismo 18 de septiembre de 2023, los recurrentes del recurso **KLRA202300636** presentaron *Moción Señalando Defecto en Notificación y de Reconsideración*[26]. En lo pertinente, arguyeron que no procedía la separación de la figura de la Presidenta Ejecutiva y la figura de la Junta de Gobierno, pues quien tenía la autoridad para llevar a cabo cualquier acción de personal, incluyendo lo relativo a salarios, era la autoridad nominadora[27]. Sostuvieron que, conforme al Reglamento de Recursos Humanos, la autoridad nominadora era definida como "el Presidente Ejecutivo o cualquier funcionario autorizado por éste para realizar actividades relacionadas con la administración de recursos humanos"[28].

Manifestaron, además, que aun cuando la Junta de Gobierno había aprobado la Resolución Núm. 3302, ello ocurrió en atención

---

[25] *Íd.*, págs. 39.
[26] Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300636**, págs. 1486-1587.
[27] *Íd.*, pág. 1489.
[28] *Íd.*

al petitorio de la Presidenta Ejecutiva para que se aprobaran las nuevas escalas salariales. Es decir, que fue la Presidenta Ejecutiva quien sometió ante la Junta de Gobierno la petición para la nueva estructura salarial. Por otro lado, precisaron que fue la misma AAA quien les advirtió que de estar en desacuerdo con la determinación del Comité de Revisión, debían presentar su apelación ante la Oficina de Apelaciones. Añadieron que la AAA contestó las apelaciones y nunca reclamó su desestimación por falta de jurisdicción de la Oficina de Apelaciones. Sostuvieron también que los recurrentes debían tener un foro donde acudir para presentar sus reclamos salariales y entendían que el mismo lo era la Oficina de Apelaciones.

Simultáneo a la solicitud de reconsideración, los recurrentes del recurso **KLRA202300636** solicitaron la desconsolidación de todos los casos objeto de la *Resolución Final* y a su vez, que se consolidaran únicamente sus casos[29].

Posteriormente, el 26 de septiembre de 2023, la señora Rodríguez Méndez incoó *Moción de Reconsideración*[30]. A grandes rasgos, reprodujo los argumentos expuestos por el señor Obed Morales Colón en su solicitud, a los efectos de que la metodología aplicada en la implementación de las escalas había sido determinada por la Presidenta Ejecutiva o la Directora de Recursos Humanos como su representante autorizado. Por último, expuso también que había sido la Presidenta Ejecutiva quien presentó la petición para implementar las nuevas estructuras salariales, y que la AAA nunca había solicitado la desestimación del caso por falta de jurisdicción.

---

[29] *Íd.*, págs. 1588-1595.
[30] Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300647**, págs. 20-25.

El 27 de septiembre de 2023, la Oficina de Apelaciones emitió *Resolución*[31] dirigida a los recurrentes del recurso **KLRA202300646**, en la que acogió la solicitud de reconsideración presentada y concedió un término de quince (15) días laborables a la AAA para que se expresara en cuanto a la misma. En adición, dispuso que los casos que habían sido presentados por derecho propio se atenderían separadamente. Esto es, los casos de los recurrentes en el recurso **KLRA202300638**.

Simultáneamente, la Oficina de Apelaciones emitió resoluciones individuales[32] para los recurrentes del recurso **KLRA202300638**, en las que, de igual forma, precisó que sus casos se atenderían de manera separada y concedió el mismo término perentorio a la AAA para que replicara a las solicitudes de reconsideración. Asimismo, la Oficina de Apelaciones emitió *Resolución*[33] al día siguiente en el caso de la señora Rodríguez Méndez, a los mismos efectos.

El 20 de octubre de 2023, la AAA presentó *Oposición a Moción Señalando Defecto en Notificación y de Reconsideración*[34] en respuesta a los casos que quedaron consolidados. En lo pertinente al asunto que nos ocupa, la AAA adujo que el apercibimiento realizado a los recurrentes en cuanto al derecho a apelar ante la Oficina de Apelaciones se realizó como medida preventiva, en caso de que se planteara un error en el cómputo realizado "o en la ejecución de la resolución por parte de la Directora de Recursos Humanos[35].

---

[31] Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300636**, págs. 1596-1597.

[32] Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300638**, págs. 175-180. Hacemos constar que del apéndice no surge resolución sobre el asunto dirigida a la señora Carmen E. Álvarez Avilés.

[33] Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300647**, pág. 26.

[34] Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300636**, págs. 1599-1614.

[35] *Íd.*, pág. 1603.

Añadió que contrario a ello, las apelaciones de los recurrentes versaban sobre desacuerdos con los nuevos mínimos establecidos en la nueva estructura salarial o con la garantía aprobada por la Junta de Gobierno. En segundo lugar, la AAA expuso los mismos argumentos esbozados por la Oficina de Apelaciones en su *Resolución Final.* Es decir, sostuvo e insistió en que "la determinación de revisar la Estructura Salarial recayó sobre la Junta de Gobierno y no sobre la Presidenta Ejecutiva ni sobre su Representante Autorizado"[36]. De otro lado, agregó que, de todos modos, procedía la desestimación, puesto que a los recurrentes no se les había afectado ningún derecho propietario y por el contrario, todos habían recibido aumentos de salario.

También, el 19 de octubre de 2023, la AAA compareció a través escritos individuales[37] en los casos de los recurrentes del recurso **KLRA202300638**, en virtud de los cuales reprodujo los fundamentos reseñados en los párrafos que anteceden[38].

El 8 de noviembre de 2023, notificadas el 10 de noviembre de 2023, la Oficina de Apelaciones declaró No Ha Lugar la reconsideración presentada por los recurrentes del recurso **KLRA202300636**, así como las reconsideraciones individuales presentadas por los recurrentes del recurso **KLRA202300638**[39]. Más adelante, el 16 de noviembre de 2023, también declaró No Ha Lugar la reconsideración presentada por la señora Rodríguez Méndez[40].

---

[36] *Íd.*, pág. 1607.

[37] Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300638**, págs. 182-246.

[38] Precisa señalar que del expediente del recurso **KLRA202300647** no surge reacción por parte de la AAA en cuanto a la solicitud de reconsideración de la señora Rodríguez Méndez.

[39] Véase Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300636**, págs. 1615-1617 y Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300638**, págs. 40-50.

[40] El referido dictamen fue notificado y archivado en autos el 21 de noviembre de 2023. Véase Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300647**, págs. 27-30.

Aun en desacuerdo, los recurrentes de epígrafe acuden ante este Tribunal de Apelaciones. El 11 de diciembre de 2023, los recurrentes del recurso **KLRA202300636** comparecieron ante nos y esbozaron los siguientes señalamientos de error:

**PRIMER ERROR**: ERRÓ LA OFICINA DE APELACIONES DE LA AAA AL DESESTIMAR LAS APELACIONES PRESENTADAS POR LOS RECURRENTES, POR ALEGADA FALTA DE JURISDICCIÓN SOBRE LA MATERIA, TRAS PARTIR DE LA PREMISA DE QUE LAS DETERMINACIONES APELADAS NO FUERON PRODUCTO DE UNA ACCIÓN DE LA PRESIDENTA EJECUTIVA DE LA AAA O DE SU REPRESENTANTE AUTORIZADA.

**SEGUNDO ERROR: (EN LA ALTERNATIVA)**: SE INDUJO A ERROR A LOS RECURRENTES Y SE VIOLÓ SU DEBIDO PROCESO DE LEY AL EMITIRSE UNA NOTIFICACIÓN DEFECTUOSA POR PARTE DEL COMITÉ DE REVISIÓN, CON LA ADVERTENCIA DE SU DERECHO A APELAR LA MISMA A LA OFICINA DE APELACIONES DENTRO DEL TÉRMINO DE DIEZ DÍAS LABORABLES, PRETENDIENDO DEJARLOS SIN FORO PARA CUESTIONAR UNA DECISIÓN ADMINISTRATIVA, TRAS HABERSE DESESTIMADO LOS CASOS Y LA AAA ALEGAR QUE CONCUERDA CON DICHA DESESTIMACIÓN.

En la misma fecha, comparecieron los recurrentes del recurso **KLRA202300638**, y más adelante, el 15 de diciembre de 2023, compareció la señora Rodríguez Méndez por medio del recurso de *Revisión* con la designación alfanumérica **KLRA202300647**. En ambos recursos, las partes le imputan a la Oficina de Apelaciones la comisión del siguiente error:

**PRIMER ERROR**: ERRÓ LA OFICINA DE APELACIONES DE LA AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS AL DETERMINAR QUE CARECE DE JURISDICCIÓN PARA ATENDER LOS RECLAMOS SALARIALES DE LOS RECURRENTES SOBRE LA IMPLEMENTACIÓN DE LA NUEVA ESCALA SALARIAL.

El 16 de enero de 2023, la AAA presentó su *Alegato en Oposición a Solicitud de Revisión Administrativa*. Simultáneamente, incoó una *Moción de desestimación por falta de jurisdicción con relación al recurso conjunto de revisión administrativa presentado mediante el caso identificado con el número KLRA202300638*. El 24 de enero de 2024, los recurrentes del recurso **KLRA202300638** se

expresaron mediante *Oposición a moción de desestimación por falta de jurisdicción radicada por la AAA.*

Con el beneficio de la comparecencia de las partes, y estudiado el derecho aplicable, procedemos a resolver los recursos consolidados.

**II.**

**-A-**

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico establece la autoridad del Tribunal de Apelaciones para revisar "decisiones, órdenes y resoluciones finales de organismos o agencias administrativas"[41]. Por su parte, la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), establece el marco de revisión judicial de estas decisiones[42]. Cónsono con lo anterior, nuestra función revisora se limita a delinear la discreción de las entidades administrativas para garantizar que sus decisiones se encuentren en el marco de los poderes delegados y sean consecuentes con la política pública que las origina[43].

Debido a la vasta experiencia y conocimiento especializado que tienen las agencias administrativas sobre los asuntos que le son encomendados, los foros revisores les conceden gran consideración y deferencia a sus decisiones[44]. Es por esta razón, que la revisión judicial se limita a determinar si la agencia actuó de manera arbitraria o ilegal, o de forma tan irrazonable que sea considerado

---

[41] Art. 4006(c) de la Ley Núm. 201-2003, 4 LPRA sec. 24(y)(c).

[42] Sección 4.5 de la Ley Núm. 38-2017, 3 LPRA sec. 9675.

[43] *Torres Rivera v. Policía de PR*, 196 DPR 606, 625-626 (2016); *Empresas Ferrer v. A.R.Pe.*, 172 DPR 254, 264 (2007); *Mun. de San Juan v. J.C.A.*, 149 DPR 263, 279 (1999).

[44] *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *OCS V. Point Guard Ins.*, 205 DPR 1005, 1026 (2020); *PRHOA v. Confederación Hípica*, 202 DPR 509, 521 (2019).

un abuso de discreción[45]. Hay que señalar que las determinaciones de los organismos administrativos están cobijadas por una presunción de corrección y legalidad que debe respetarse, mientras la parte que las impugne no demuestre con suficiente evidencia que la decisión no está justificada[46].

Así pues, la revisión judicial de una decisión administrativa se circunscribe a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si esta actuó de forma arbitraria, caprichosa o ilegal[47]. El criterio rector es la razonabilidad de la actuación de la agencia recurrida[48]. Por ello, al momento de evaluar una determinación administrativa se debe considerar si: (1) el remedio concedido por la agencia fue apropiado; (2) la decisión de la agencia está sostenida en evidencia sustancial que obra en el expediente administrativo visto en su totalidad; y (3) las conclusiones de derecho fueron correctas[49].

Ahora bien, si la decisión del organismo administrativo no estuvo basada en evidencia sustancial; erró en la aplicación o interpretación de las leyes o los reglamentos que se le encomendó administrar; o actuó de manera irrazonable, arbitraria o ilegal, al realizar determinaciones carentes de una base racional; o si la actuación lesionó derechos constitucionales fundamentales, la deferencia debida a la agencia debe ceder[50].

---

[45] *Pérez López v. Dpto. de Corrección*, 208 DPR 656, 673 (2022); *Super Asphalt v. AFI y otro, supra*, pág. 821; *Trigo Margarida v. Junta de Directores*, 187 DPR 384, 394 (2012).

[46] *Trigo Margarida v. Junta de Directores, supra*, 393-394; *Mundo Ríos v. CEE*, 187 DPR 200, 219 (2012), citando a *Rebollo v. Yiyi Motors*, 161 DPR 69, 77 (2004).

[47] *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006).

[48] *Super Asphalt v. AFI y otro, supra*; *González Segarra v. CFSE*, 188 DPR 252, 276 (2013); *Trigo Margarida v. Junta de Directores, supra*, 394.

[49] *OEG v. Martínez Giraud*, 210 DPR 79, 89 (2022); *Rolón Martínez v. Superintendente*, 201 DPR 26, 35-36 (2018); *Pagán Santiago et al. v. ASR*, 185 DPR 341, 358 (2012).

[50] *OEG v. Martínez Giraud, supra*, pág. 90; *Super Asphalt v. AFI y otro, supra*, pág. 819, citando a *Torres Rivera v. Policía de PR, supra*, pág. 628; *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).

Si una parte afectada por un dictamen administrativo impugna las determinaciones de hecho, esta tiene la obligación de derrotar con suficiente evidencia, que la determinación no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración[51]. De no identificarse y demostrarse esa otra prueba en el expediente administrativo, las determinaciones de hechos deben sostenerse por el tribunal revisor, pues el recurrente no ha logrado rebatir la presunción de corrección o legalidad[52].

Sobre las determinaciones de derecho, el Tribunal Supremo ha dicho que distinto a las determinaciones de hecho, el tribunal las puede revisar en todos sus aspectos, sin sujeción a norma o criterio alguno. Sin embargo, esto no quiere decir que un foro apelativo pueda descartar las conclusiones y sustituir el criterio del ente administrativo por el suyo. En estos casos, también los tribunales apelativos les deben deferencia a los organismos administrativos[53].

**-B-**

La falta de jurisdicción sobre la materia significa que el tribunal no tiene autoridad y poder para entender en el asunto, independientemente de que lo quieran las partes[54]. En *Vázquez v. ARPE*, 128 DPR 513, 537 (1991), el Tribunal Supremo aclaró en cuanto a la jurisdicción sobre la materia:

> [l]a falta de este tipo de jurisdicción conlleva las siguientes consecuencias inexorablemente fatales: (1) esta falta de jurisdicción no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal, ni el tribunal puede a[r]rogársela; (3) los dictámenes de un foro sin jurisdicción sobre la materia son nulos (nulidad absoluta)[55]; (4) los

---

[51] *González Segarra v. CFSE, supra*, pág. 277; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216-217 (2012); *Pereira Suárez v. Jta. Dir Cond.*, 182 DPR 485, 511 (2011).

[52] *González Segarra v. CFSE, supra*; *Pereira Suárez v. Jta. Dir Cond., supra*, pág. 513, citando a *Domínguez v. Caguas Expressway Motors, Inc.*, 148 DPR 387, 398 (1999); *O.E.G. v. Rodríguez*, 159 DPR 98, 118 (2003).

[53] *González Segarra v. CFSE, supra*, pág. 277-278; *Batista, Nobbe v. Jta. Directores, supra*, pág. 217, citando a *Rebollo v. Yiyi Motors, supra*.

[54] *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012); *Unisys v. Ramallo*, 128 DPR 842 (1991).

[55] *Rodríguez v. Registrador*, 75 DPR 712, 716, 726 (1953).

> tribunales tienen el ineludible deber de auscultar su propia jurisdicción; (5) los tribunales apelativos, además, deberán examinar la jurisdicción del foro de donde procede el recurso; y (6) el planteamiento del foro de donde procede el recurso; y (7) el planteamiento de falta de jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento, por cualesquiera de las partes o por el tribunal motu proprio[56].

**-C-**

La Ley Núm. 40 de 1 de Mayo de 1945, según enmendada, conocida como la *Ley de Acueductos y Alcantarillados de Puerto Rico*[57] (Ley Núm. 40-1945), creó la AAA como una corporación pública e instrumentalidad gubernamental autónoma del Estado Libre Asociado[58]. La Autoridad se crea con el fin de proveer y ayudar a proveer a los ciudadanos un servicio adecuado de agua y de alcantarillado sanitario, y cualquier otro servicio o instalación incidental o propio de éstos[59]. Entre sus facultades, la AAA tiene capacidad para elaborar, adoptar, enmendar y derogar reglamentos que guíen la manera en que podrán llevarse a cabo sus negocios en general, así como para que los poderes y deberes que le fueron concedidos e impuestos por ley, puedan ejercitarse y desempeñarse[60].

Además de lo anterior, y de conformidad a la Ley Núm. 8-2017, la AAA -como corporación pública- tiene facultad para adoptar reglamentos de personal[61].

Al amparo de las referidas disposiciones de ley, y bajo el Directorado de Recursos Humanos y Relaciones Laborales, la AAA promulgó el Reglamento de Recursos Humanos de la Autoridad de Acueductos y Alcantarillados para Todos los Empleados Regulares

---

[56] Véase, además: *López Rivera v. Autoridad de Fuentes Fluviales*, 89 DPR 414, 419 (1963).
[57] 22 LPRA sec. 141, *et seq.*
[58] 22 LPRA sec. 142.
[59] 22 LPRA sec. 144.
[60] 22 LPRA sec. 144(k).
[61] 3 LPRA sec. 1471(a).

No Cubiertos por Convenios Colectivos, de 28 de febrero de 2008 (Reglamento de Recursos Humanos)[62].

A través de este, la Autoridad creó la Oficina de Apelaciones con el fin de atender y resolver las controversias presentadas ante su consideración y sobre las cuales posea jurisdicción[63]. En detalle, el Reglamento de Recursos Humanos define la Oficina de Apelaciones como sigue:

> [O]rganismo administrativo al cual podrán recurrir los empleados regulares no cubiertos por convenios colectivos que entiendan se han afectado por decisiones administrativas relacionadas con medidas disciplinarias que conlleven exclusivamente destitución o suspensión de empleo y sueldo, **para atender controversias sobre determinaciones o acciones del Presidente Ejecutivo o su Representante Autorizado relacionadas con valoración de puestos, reclutamiento, ascensos, traslados, descensos, retención, salarios y cualquier otro derecho otorgado por esta reglamentación**[64]. (Énfasis nuestro)

La jurisdicción de la Oficina de Apelaciones se circunscribe a controversias presentadas por empleados regulares sobre medidas disciplinarias que impliquen únicamente la destitución o suspensión de empleo y sueldo, así como a disputas sobre determinaciones o acciones del Presidente Ejecutivo o su Representante Autorizado, sobre "valoración de puestos, reclutamiento, ascensos, traslados, descensos, retención, salarios y cualquier otro derecho otorgado por esta reglamentación relacionado con los empleados regulares que no est[é]n cubiertos por convenios colectivos"[65].

Además, el Reglamento de Recursos Humanos le otorga facultad a la Oficina de Apelaciones para adoptar reglamentación que regule los procedimientos que allí se llevan a cabo[66]. A esos efectos, la Oficina de Apelaciones adoptó su propio reglamento,

---

[62] El Reglamento de Recursos Humanos fue aprobado por la Junta de Gobierno de la AAA, mediante la Resolución Núm. 2350.
[63] Reglamento de Recursos Humanos de la AAA, Art. 19.1.
[64] Reglamento de Recursos Humanos de la AAA, Art. 6.
[65] Reglamento de Recursos Humanos de la AAA, Art. 19.2.
[66] Reglamento de Recursos Humanos de la AAA, Art. 19.4.

conocido como Reglamento de la Oficina de Apelaciones[67]. En cuanto al asunto de jurisdicción, dicho cuerpo normativo dispone como sigue en su Artículo IV:

1) Derecho: Cualquier empleado de carrera de la Autoridad de Acueductos y Alcantarillados de Puerto Rico no cubierto por convenio colectivo que sea destituido o suspendido de empleo y sueldo podrá apelar esa determinación ante la Oficina. De igual manera, **el empleado podrá cuestionar ante dicha Oficina cualquier acción o decisión del Presidente Ejecutivo o su Representante Autorizado relacionado con valoración de puestos, reclutamiento, ascensos, traslados, descensos, retención, salarios y cualquier otro derecho otorgado por esa reglamentación relacionado con los empleados regulares que no estén cubiertos por convenios colectivos**[68]. (Énfasis nuestro)

**-D-**

El Tribunal Supremo de Puerto Rico ha reiterado que los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción[69]. Por ello, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos jurisdicción para actuar, ya que los asuntos jurisdiccionales son materia privilegiada y deben ser resueltos en primer lugar[70].

El Tribunal Supremo define el concepto de "jurisdicción" como "el poder o autoridad de un tribunal para considerar y decidir casos o controversias"[71]. Las cuestiones jurisdiccionales son privilegiadas, por lo que deben ser resueltas con preferencia[72]. Si el tribunal carece de jurisdicción, el único curso de acción posible es así declararlo, sin necesidad de discutir los méritos del recurso en cuestión[73]. De

---

[67] El Reglamento de la Oficina de Apelaciones fue aprobado por la Junta de Gobierno mediante la Resolución Núm. 2374, del 18 de abril de 2008. Conforme surge del propio Reglamento, el mismo entró en vigor el 8 de abril de 2008.

[68] Art. IV del Reglamento de la Oficina de Apelaciones de la AAA.

[69] *FCPR v. ELA et al.*, 211 DPR 521, 530 (2023); *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994 (2012); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011).

[70] *FCPR v. ELA et al.*, *supra*; *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018); *Cruz Parrilla v. Dpto. Vivienda*, 184 DPR 393, 403 (2012).

[71] *FCPR v. ELA et al.*, *supra*, pág. 529; *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384, 394 (2022); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Gearheart v. Haskell*, 87 DPR 57, 61 (1963).

[72] *FirstBank v. Registradora*, 208 DPR 64, 75 (2021); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

[73] *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 501 (2019); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 688, 660 (2014).

no hacerlo, la determinación sería nula, por lo que carecería de eficacia[74]. La Regla 83 del Reglamento del Tribunal de Apelaciones autoriza a este Tribunal para que, a iniciativa propia o a solicitud de parte, desestime un recurso por falta de jurisdicción[75].

Para que un tribunal apelativo adquiera jurisdicción sobre una controversia particular, las partes deben observar rigurosamente los requisitos reglamentarios para el perfeccionamiento adecuado del recurso que se presente ante el foro apelativo[76]. Todo promovente tiene la obligación de cumplir con las disposiciones reglamentarias para poder perfeccionar su recurso ante nosotros, pues su incumplimiento podría acarrear la desestimación[77].

La obligación de perfeccionar los recursos apelativos se extiende al pago de los aranceles de presentación. En especial, cuando está claramente establecido en nuestro ordenamiento que un escrito judicial que sea presentado sin cancelar los correspondientes sellos de rentas internas que la ley exige es nulo e ineficaz[78].

Ello se establece en el Código de Enjuiciamiento Civil, cuyas disposiciones fueron enmendadas por la Ley Núm. 47-2009, para establecer los nuevos derechos que deberán pagar los ciudadanos para tramitar acciones civiles en los tribunales y un sistema de pago único en la primera comparecencia de cada parte en causas civiles

---

[74] *Morán v. Martí*, 165 DPR 356, 364 (2005).
[75] 4 LPRA Ap. XXII-B, R. 83.
[76] *M-Care Compounding et al. v. Depto. Salud,* 186 DPR 159, 176 (2012); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Pueblo v. Rivera Toro*, 173 DPR 137, 144 (2008); *Arriaga v. FSE*, 145 DPR 122, 129-130 (1998).
[77] Véase *UGT v. Centro Médico del Turabo*, 208 DPR 944 (2022).
[78] *M-Care Compounding et al. v. Depto. Salud, supra*; *Gran Vista I v. Gutiérrez y otros,* 170 DPR 174, 189 (2007).

presentadas ante el Tribunal de Primera Instancia, el Tribunal de Apelaciones y el Tribunal Supremo[79].

El Art. 3 de la Ley Núm. 47-2009 permite que el Tribunal Supremo de Puerto Rico disponga, mediante resolución, los derechos arancelarios a ser pagados correspondientes a la tramitación de acciones civiles en el Tribunal General de Justicia[80].

Con el poder de la autoridad delegada, el 9 de marzo de 2015, el Tribunal Supremo emitió una Resolución en la que dispuso una nueva estructura arancelaria, la cual entró en vigor el 30 de agosto de 2015[81]. El inciso (N) de la Resolución establece que "[p]or cada escrito de Revisión de Decisiones Administrativas en el Tribunal de Apelaciones [se pagarán] $102"[82].

El incumplimiento con el referido pago de los aranceles de presentación **priva al tribunal ante el cual se apela de jurisdicción para atender el recurso** impuesto[83]. Cabe señalar que si bien la norma general sobre la nulidad de escritos que se presentan sin pago de arancel admite contadas excepciones, no reconoce excepción alguna cuando el error en el pago del arancel se debe a la parte o su abogado[84].

-E-

El Reglamento del Tribunal de Apelaciones dispone de dos mecanismos disponibles para la presentación enlazada de casos: las

---

[79] Sección 1 de la Ley de Aranceles de Puerto Rico, Ley Núm. 17 de 11 de marzo de 1915, según enmendada, 32 LPRA sec. 1476; *M-Care Compounding et al. v. Depto. Salud, supra*, pág. 174.

[80] Debido a que el poder de imponer contribuciones es uno de jurisdicción exclusiva de la Asamblea Legislativa, cualquier resolución emitida por el Tribunal Supremo, que resulte en la modificación de los derechos pagados por los ciudadanos para tramitar acciones civiles, será remitida ante las Secretarías de ambos Cuerpos Legislativos para su aprobación. Art. 3 de la Ley Núm. 47-2009. Véase *M-Care Compounding et al. v. Depto. Salud, supra*, pág. 175.

[81] *In re: Aprobación de los Derechos Arancelarios pagaderos a los(as) Secretarios(as), Alguaciles(as) y a otro personal de la Rama Judicial que ejerce funciones de recaudación*, 192 DPR 397 (2015).

[82] *Íd.*, pág. 398.

[83] Véase *González v. Jiménez*, 70 DPR 165 (1949).

[84] *M-Care Compounding et al. v. Depto. Salud, supra*, pág. 177.

apelaciones conjuntas y la consolidación de apelaciones[85]. Cada uno de estos mecanismos exige una serie de requisitos esenciales que deben satisfacerse para que procedan. En el caso de las apelaciones conjuntas, es imperativo: (1) que haya dos o más personas que tengan derecho a apelar; (2) que lo que se pretenda apelar sea una misma sentencia o resolución y, (3) que la acumulación proceda de acuerdo con los derechos de las partes[86].

Sobre el primer requisito, el Alto Foro ha expresado que cada persona que interese presentar la apelación tiene que poseer el derecho a apelar de manera individual[87]. En cuanto al segundo requisito, este exige que dicho derecho de apelación surja de una misma determinación[88]. Es decir, **no está permitido acumular apelaciones de más de un dictamen en un mismo recurso**[89]. De manera que, **cuando se trata de dictámenes en casos diferentes**, **la parte afectada debe someter los recursos separadamente y pagar los aranceles correspondientes para cada uno de ellos**. En torno al tercer requisito, el mismo requiere que las partes posean derechos acumulables[90]. Esto es, sus posturas no pueden colocarlas en posturas contrarias o adversas entre ellas mismas[91]. Cumplido lo anterior, las personas pueden presentar un solo escrito de apelación sin que sea necesaria la autorización de este foro revisor[92].

Por otro lado, la consolidación de casos exige: (1) que se hayan presentado dos o más apelaciones sobre una sentencia y, (2) que este foro revisor emita una orden al respecto[93]. Si bien la consolidación puede ocurrir *motu proprio* por el Tribunal, a solicitud

---

[85] 4 LPRA Ap. XXII–B, R. 17.
[86] *M–Care Compounding v. Depto. Salud, supra*, pág. 171.
[87] *Íd.*
[88] *Íd.*
[89] *Íd.*
[90] *Íd.*
[91] *Íd.*
[92] *Íd.*
[93] *Íd.*, págs. 171-172.

de parte o si las partes en distintas apelaciones así lo estipulan, la misma siempre requiere la aprobación del Tribunal[94]. De modo que, la diferencia principal entre la presentación conjunta de apelaciones y la consolidación de casos estriba en la autorización del Tribunal de Apelaciones.

En cuanto a los demás recursos en los que se cuestione una sentencia, orden o resolución, la Regla 80.1 del mismo cuerpo de normas indica que estos pueden ser consolidados por orden de este foro revisor, "expedida por iniciativa propia o a solicitud de parte"[95]. En ese sentido, la consolidación de recursos procede de la misma manera que en las apelaciones[96].

Pese a que el Reglamento del Tribunal de Apelaciones nada dispone con relación a la presentación conjunta de otro tipo de recursos, nuestro más Alto Foro ha señalado que, por analogía, se permite la presentación conjunta de estos[97]. De modo que, las partes con derechos e intereses acumulables pueden presentar recursos conjuntos para revisar una determinación judicial o administrativa que sea revisable.

**III.**

Como cuestión de umbral, nos corresponde atender el asunto relativo a la jurisdicción en el recurso con identificación alfanumérica **KLRA202300638**, ya que este debe ser resuelto con preferencia a cualquiera otra cuestión previo a considerar los méritos de los recursos. Veamos.

Conforme reseñado, el 16 de enero de 2023, la AAA presentó una moción dispositiva por falta de jurisdicción en atención al recurso de *Revisión* identificado con el número **KLRA202300638**.

---

[94] *Íd.*; 4 LPRA Ap. XXII–B, R. 17.
[95] 4 LPRA Ap. XXII–B, R. 80.1. Véase además: *M-Care Compounding v. Depto. Salud, supra*, pág. 173.
[96] *M-Care Compounding v. Depto. Salud, supra*, pág. 173.
[97] *Íd.*

La AAA sostiene que el mencionado recurso no quedó debidamente perfeccionado. En específico, arguye que los casos de dichos recurrentes fueron atendidos de manera separada por la Oficina de Apelaciones, incluyendo las solicitudes de reconsideración, por lo que estos debían recurrir a este foro de manera individual. Expresa que al haberse presentado un solo recurso de revisión, solo se realizó un pago de aranceles, lo que provoca que el recurso no se haya perfeccionado y por consiguiente, carezcamos de jurisdicción para atender el mismo.

Según discutido en la exposición del derecho, las partes que deseen solicitar la revisión de una determinación administrativa pueden presentar recursos de manera conjunta siempre y cuando cumplan con los requisitos exigidos. Estos son: (1) que haya dos o más personas que tengan derecho a apelar; (2) que lo que se pretenda apelar sea una misma sentencia o resolución y, (3) que la acumulación proceda de acuerdo a los derechos de las partes[98].

Sobre el segundo requisito particularmente, esbozamos que es necesario que el derecho a apelar surja **de una misma determinación**[99]. Contrario a ello, los recurrentes en el recurso **KLRA202300638** acuden ante nos mediante un solo escrito de revisión, solicitando que revisemos cuatro (4) resoluciones dictadas en casos diferentes. Recordemos que luego de la consolidación realizada por la Oficina de Apelaciones, los propios recurrentes argumentaron en contra de esta y la Oficina de Apelaciones desconsolidó sus casos. Posteriormente, atendió y resolvió de manera individual sus solicitudes de reconsideración. Surgiendo así los cuatro (4) dictámenes de los que hoy recurren ante nos.

---

[98] *M-Care Compounding v. Depto. Salud, supra,* pág. 171.
[99] *Íd.*

Al presentar un solo recurso, los recurrentes del caso **KLRA202300638** nos privaron de jurisdicción para intervenir en la controversia presentada. Los recurrentes tenían la obligación de apelar los dictámenes de forma separada, de manera que cumplieran con el requisito de cancelar los aranceles correspondientes a cada recurso de revisión[100]. Posteriormente, podían solicitar la consolidación de los recursos presentados.

El acudir a este foro intermedio mediante un solo recurso para revisar las cuatro (4) resoluciones, sin pagar y cancelar los sellos de rentas internas por cada resolución apelada, hace del escrito de revisión uno nulo e ineficaz. En virtud de ello, acogemos la solicitud de la AAA y **desestimamos** el recurso de revisión con designación alfanumérica **KLRA202300638**.

Resuelto lo anterior, atendemos la controversia traída a nuestra atención en los recursos **KLRA202300636** y **KLRA202300647**. En esencia, los recurrentes del KLRA202300636 y la señora Rodríguez Méndez sostienen que la Oficina de Apelaciones incidió al declararse sin jurisdicción sobre la materia para atender sus solicitudes de apelación relacionadas a la nueva estructura salarial aprobada por la Junta de Gobierno.

De un examen minucioso de los expedientes ante nuestra consideración, es nuestro criterio que la Oficina de Apelaciones sí tiene jurisdicción para atender las referidas apelaciones. Veamos.

Surge de los hechos reseñados que la Junta de Gobierno aprobó la Resolución Núm. 3302 a los fines de enmendar las escalas salariales de los empleados de carrera -gerenciales y administrativos-, y los empleados de confianza -administrativos-, no cubiertos por convenios colectivos. Cónsono a ello, la Junta de

---

[100] *M-Care Compounding et al. v. Depto. Salud, supra.*

Gobierno autorizó a la Presidenta Ejecutiva o a su Representante Autorizado a suscribir los documentos necesarios para colocar en marcha la nueva estructura salarial[101]. Dicho de otra manera, la Junta de Gobierno aprobó los cambios en la estructura salarial y la Presidenta Ejecutiva o su Representante Autorizado venían obligados a implementar la misma y modificar los salarios de los empleados de conformidad a ello.

Esto último, es precisamente la acción que cuestionan los recurrentes del recurso **KLRA202300636** y la señora Rodríguez Méndez en sus respectivas apelaciones ante la Oficina de Apelaciones. Su reclamo se circunscribe a cuestionar la manera en la que se implementó la nueva estructura salarial, toda vez que, según alegan, el mecanismo utilizado violenta los reglamentos de la AAA y el principio de mérito.

Contrario a lo resuelto por la Oficina de Apelaciones, los recurrentes del recurso **KLRA202300636** y la señora Rodríguez Méndez no impugnan la nueva estructura retributiva aprobada por la Junta de Gobierno, sino el método utilizado para implementar la misma y determinar cómo le aplicaría a cada uno de ellos. De la Resolución Núm. 2342 no surge que la Junta de Gobierno haya fijado metodología alguna para dar cumplimiento a lo aprobado. Insistimos en que la acción de la Junta de Gobierno se limitó a aprobar la nueva estructura salarial según le fue presentada. Empero, fue la Directora de Recursos Humanos como Representante Autorizada de la Presidenta Ejecutiva quien determinó la manera en que se implantaría la misma.

Lo anterior responde específicamente a uno de los asuntos sobre los cuales el Reglamento de Recursos Humanos confiere

---

[101] Apéndice del recurso de *Revisión* designado con el alfanumérico **KLRA202300636**, pág. 1503.

jurisdicción a la Oficina de Apelaciones. En detalle, otorga jurisdicción "**para atender controversias sobre determinaciones o acciones del Presidente Ejecutivo o su Representante Autorizado** relacionadas con valoración de puestos, reclutamiento, ascensos, traslados, descensos, retención, salarios y cualquier otro derecho otorgado por esta reglamentación[102]". Asimismo, lo dispone el propio Reglamento de la Oficina de Apelaciones [103].

Habida cuenta de que el reclamo de los recurrentes y de la señora Rodríguez Méndez supone sin más una determinación de la Directora de Recursos Humanos como Representante Autorizada de la Presidenta Ejecutiva, colegimos que **la Oficina de Apelaciones sí tiene jurisdicción para atender la controversia** de estos.

Asimismo, no podemos perder de vista que fue la propia Autoridad quien indicó a los recurrentes del recurso **KLRA202300636** y a la señora Rodríguez Méndez los foros a los cuales podían apelar las determinaciones: en primer lugar, ante el Comité de Revisión y, posteriormente, ante la Oficina de Apelaciones. A través de su *Resolución Final*, la Oficina de Apelaciones no dispuso cuál es entonces el foro indicado para que los recurrentes del recurso **KLRA202300636** y la señora Rodríguez Méndez presenten sus reclamos. Tampoco la AAA hace alusión alguna a ello en sus escritos ante nos. Es la postura de este foro que mantener desprovistos a los recurrentes del recurso **KLRA202300636** y a la señora Rodríguez Méndez de un foro adecuado para cuestionar determinaciones que afectan sus intereses propietarios, violenta el debido proceso de ley de estos.

En mérito de todo lo anterior, reiteramos que la Oficina de Apelaciones sí tiene jurisdicción para atender el reclamo de los

---

[102] Reglamento de Recursos Humanos de la AAA, Art. 6.
[103] Art. IV del Reglamento de la Oficina de Apelaciones de la AAA.

recurrentes del recurso **KLRA202300636** y de la señora Rodríguez Méndez. Dicho esto, razonamos innecesaria la atención al segundo señalamiento de error en el recurso con designación alfanumérica **KLRA202300636.**

Por último, hacemos constar que nuestra intervención en la presente controversia se limita al asunto jurisdiccional, y de ninguna manera prejuzga los planteamientos esbozados por la señora Rodríguez Méndez y los recurrentes del recurso **KLRA202300636** ante la Oficina de Apelaciones.

**IV.**

Por los fundamentos que anteceden, declaramos **Ha Lugar** la *Moción de Desestimación [...]* presentada por la AAA en el recurso con designación alfanumérica **KLRA202300648** y consecuentemente **desestimamos** el mismo. Por otro lado, **revocamos** la *Resolución Final* apelada en los recursos **KLRA202300636** y **KLRA202300647**, y devolvemos los casos a la Oficina de Apelaciones de la AAA para que proceda de conformidad con lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones